**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                                  **2:04CR7**
                                                **(MAXWELL)**

**CRYSTAL JANE SMOOT,**

        **Defendant.**

## ORDER

It will be recalled that on May 19, 2003, the Defendant, Crystal Jane Smoot, was sentenced by the Honorable Robert C. Chambers, United States District Judge for the Southern District of West Virginia, to sixty (60) months probation upon Defendant's plea of guilty to mail fraud. Defendant commenced probation on May 19, 2003. By Order entered on February 18, 2004, jurisdiction over Defendant was accepted by this Court.

On June 15, 2004, the supervising probation officer filed a Report on Offender Under Supervision reporting that Defendant had not been making her restitution payments and that she had been submitting false monthly reports stating that payments had been made when, in fact, they had not.

The Docket in the above-styled criminal action reflects that hearings on the Violation of Probation were conducted by United States Magistrate Judge John S. Kaull on August 31, 2004, and on January 12, 2005. Thereafter, on January 13, 2005, Magistrate Judge Kaull entered his Report And Recommendation, wherein he recommends that the Defendant's Probation continue and that her monthly restitution payment be modified.

Magistrate Kaull's Report And Recommendation advised the parties, pursuant to 28 U.S.C. § 636(b)(1), that any objections to said Report And Recommendation which were not filed, in writing, with the Clerk of Court within ten (10) days after being served with a copy of the Report and Recommendation, were waived. On January 18, 2005, the United States filed a motion to extend time to file objections, which motion was granted by Court Order of same date. Subsequently, on January 31, 2005, the United States filed its Response to the Magistrate's Report and Recommendation stating that it had no objections thereto. No other objections have been received.

The Court has reviewed the record before it and has conducted a *de novo* review of all matters before Magistrate Judge John S. Kaull. Based upon its review, it appears to the Court that all issues were thoroughly considered by Magistrate Judge Kaull and that Magistrate Judge Kaull's Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled criminal action. The Court therefore finds that the Defendant violated the mandatory term of her probation by failing to make monthly restitution payments of $350.00, violated the standard term of her probation requiring her to report to the probation officer and submit a truthful and complete written report, and violated the standard term requiring her to truthfully answer all inquirers by the probation officer and follow the instructions of the probation officer, as more fully set forth in the Magistrate Judge's Report and Recommendation. The Court further finds, as recommended by the Magistrate Judge and as more fully set forth in the Magistrate Judge's Report and Recommendation, that the Defendant's non-compliance may have been impacted by her psychological condition; that revocation of her probation may result in temporary loss of her social security disability income and thus temporary cessation of restitution payments; that monthly payments of $350 cannot be

regularly made by Defendant upon consideration of her financial condition, but that more modest payments of $250 per month can be made; and that Defendant is not competent to manage her own Social Disability Benefit payments.

Accordingly, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation be, and the same hereby is, **ACCEPTED** in whole and that Magistrate Judge Kaull's recommended findings of fact and conclusions of law be adopted herein. It is further

**ORDERED** that the Defendant's term of Probation not be revoked or extended. It is further

**ORDERED** that the monthly restitution payment required of Defendant Smoot be modified and that Defendant Smoot be required to pay off and discharge the remaining balance due on the original court-ordered restitution, after credit of all prior payments has been made, at the rate of $250 per month, with said payment to be made on or before the 20th day of each calendar month until said balance due on the original court-ordered restitution has been paid in full. It is further

**ORDERED** that, for so long as Defendant Smoot receives Social Security Disability Benefit payments by direct deposit and restitution remains due and owning under the prior order of this Court, that the Defendant comply with the following:

1.      The Defendant is **ORDERED** to nominate an adult person outside of the Federal Court System as her attorney in fact for the sole purpose of having sufficient control over the bank account (Bruceton Bank) wherein direct deposit of Defendant Smoot's monthly Social Security Disability Benefit Payments are made, who shall deduct from each said monthly Social Security Disability Benefit payment when made the sum of $250 and to pay

the same over to the Court as restitution in accord with this Order or in accord with any future Order of the Court, and then pay the remaining balance of said monthly Social Security Disability Benefit payment over to Defendant Smoot.

2. It is **ORDERED** that the Defendant shall not change the bank or account or ownership of the account or otherwise do anything with respect to said account so as to defeat or diminish the purpose and effect of this Order.

It is further

**ORDERED** that the Defendant's communications with her supervising probation officer be limited to written communication and reports through the Unites States mail, telephone and personal visits.  It is further

**ORDERED** that no communications be conducted between the Defendant and her supervising probation officer by e-mail.  It is further

**ORDERED** that all provisions of Defendant's probation not herein altered remain in full force and effect and that Defendant be held in strict compliance of the same.  It is further

**ORDERED** that the Defendant strictly and timely comply with all directives of her supervising probation officer.

The Clerk of Court is directed to transmit copies of this order to counsel of record and to the probation office.

**ENTER:** July  19th , 2005


_____**/s/ Robert E. Maxwell**_____
United States District Judge